POPE et al. v. SECKWORTH et al.

(District Court, W. D. Pennsylvania. July 2, 1891.)

ADMIRALTY PRACTICE—RELEASE OF ATTACHED PROPERTY.

Under the fourth admiralty rule, which provides that an attachment may be dissolved upon defendant giving bond to abide by all orders of the court, and pay the amount awarded by final decree, attached property cannot be released on bond conditioned for payment of the value of the property released, where the value of such property is less than the debt sued for.

In Admiralty.
Noah W. Shafer and Stephen C. McCandless, for libelants.
John Scott Ferguson and E. G. Ferguson, for respondents.

REED, J. The respondent Seckworth, whose goods have been attached upon mesne process issued upon a libel in personam under the second admiralty rule, has applied for an order to direct the marshal to deliver to him two flat-boats so attached, upon his giving security that, in the event of a decree against him, he will pay the libelants on account of said decree the value of the said boats; and the respondents J. B. Hahn and Martin Hahn apply for a similar order as to the cargo of said flats, likewise attached as their property. The value of the flats and cargo is conceded to be much less than the claim of libelants. Proctors for libelants object to the application, and insist that the stipulation or bond must be to pay the amount awarded by final decree. I am not able to find any authority upon the subject, but an examination of the fourth admiralty rule satisfies me that the stipulation or bond must be as contended by libelants' proctors. That rule provides that the attachment may be dissolved by order of the court, upon the defendant, whose property is so attached, giving a bond or stipulation, with sufficient sureties, to abide by all orders of the court, and pay the amount awarded by

the final decree; and upon such bond summary process may be issued against the principal and sureties to enforce the final decree. The same language is used in the third admiralty rule relative to warrants of arrest in suits *in personam*, which has been held to require a stipulation or bond, not for the appearance of the defendants alone, but also for the payment of the decree. 2 Conk. Adm. p. 88 *et seq.; Gardner* v. *Isaacson,* 1 Abb. Adm. 141; *Gaines* v. *Travis,* Id. 297; Ben. Adm. § 496. The language of the fourth rule is plain, and leaves no room for the construction claimed by defendants' proctor. Provision is made by the tenth admiralty rule for relief in cases where the property attached is of less value than the claim of libelants, which is an additional reason, in my judgment, for the construction I have put upon the fourth rule.