## THE OLSON & MAHONY.

(District Court, N. D. California, First Division. December 23, 1915.)

No. 15935.

ADMIRALTY ⬙⟳56—GARNISHMENT—RELEASE OF GARNISHEE ON STIPULATION.
  A garnishee in admiralty, who admittedly has a sum in his hands belonging to the respondent, the amount of which is not in dispute, may retain the same "to answer the exigency of the suit," as provided by admiralty rule 37 (29 Sup. Ct. xliii), or where permitted by a rule of court he may be released from further liability by giving a stipulation for the amount, to abide the further order of the court.
  [Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 451; Dec. Dig. ⬙⟳56.]

In Admiralty. Suit by W. P. Fuller & Co., a corporation, against the American steamship Olson & Mahony and others. On application by John Settle, garnishee, to be released from further liability on stipulation. Granted.

Andros & Hengstler and G. W. Bell, all of San Francisco, Cal., for libelant.

Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for garnishee Settle.

DOOLING, District Judge. In this action which is in personam as against the Empire Lumber Company, the marshal by virtue of process issued out of this court has attached all moneys, goods, credits, etc., in the hands of one John Settle belonging to any of the respondents herein. The said John Settle has answered that he has in his possession and belonging to the respondent Empire Lumber Company the sum of $10,397.59, and asks that he may be released from all further liability herein upon filing an admiralty stipulation in said amount, conditioned that he shall abide by and perform all orders and decrees, interlocutory or final, of this court or of any appellate court in relation thereto.

Respondent Empire Lumber Company cannot be found or served within this district, and libelant contends that, as the suit is for $35,000, the money in the hands of Settle cannot be released on stipulation by

---

⬙⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

him, unless such stipulation be for the full amount claimed. This contention is based upon admiralty rule 4 (29 Sup. Ct. xxxix), which provides that an attachment such as this may be dissolved—

"upon the defendant, whose property is so attached, giving a bond or stipulation, with sufficient sureties, to abide all orders, interlocutory or final, of the court, and pay the amount awarded by the final decree rendered in the court to which the process is returnable, or in any appellate court."

In Pope v. Seckworth et al. (D. C.) 46 Fed. 858, it was held that under this rule a defendant could not obtain the release of a barge attached by giving a stipulation for the value of the barge which was less than the amount sued for, but to secure such release must give a stipulation or bond sufficient to cover the amount awarded by final decree. Here, however, the defendant is not seeking a release of his property, but a third party is seeking to be relieved from further responsibility by giving a stipulation for the amount of money held by him. The case seems to me to be covered by rule 37 (29 Sup. Ct. xliii) which provides:

"If he [the garnishee] admits any debts, credits, or effects, the same shall be held in his hands, liable to answer the exigency of the suit."

As I read this rule, it means that the garnishee shall hold the moneys in his hands, there to await the exigency of the suit. There is an old rule of this court, adopted in 1851, which provides:

"That a garnishee shall, on motion of the actor, pay into court such amount as he shall not claim or as may be ordered by the court, or give a stipulation with sufficient surety to abide the further order or decree of the court in relation thereto."

The most that could be required here would be a stipulation that Settle would abide the further order or decree of the court in relation to the $10,397.59 in his hands. I do not understand that there is any question raised as to the amount held by him and belonging to respondent Empire Lumber Company.

Settle may either hold the money under rule 37 of the Supreme Court, or give stipulation in the amount of $10,397.59 as provided by rule 29 of this court. In any event, he cannot be compelled to give a stipulation for more than the amount in his hands.